IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TAFAWA JEFFERALLY, | § |
| Petitioner, | § |
| v. | § CIVIL ACTION NO. H-19-1244 |
| WILLIAM BARR, United States Attorney General, | § |
| Respondent | § |

## MEMORANDUM AND OPINION

The petitioner, Tafawa Jefferally, is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement, awaiting his removal from the United States. Jefferally, a native and citizen of Guyana, entered the United States as a lawful permanent resident in December 1999. He was convicted of several Texas felony offenses, including a September 2016 conviction for possessing cocaine, for which he served a four-year sentence. In October 2018, Jefferally received notice that he was subject to removal under § 237(a)(2)(B)(i), 8 U.S.C. § 1226(c). Removal proceedings were initiated in February 2019. Jefferally's initial hearing before an immigration judge was postponed so that he could seek counsel. He filed this habeas petition in April 2019. His hearing before the immigration judge is set for the end of August.

Jefferally filed a writ of habeas corpus in April 2019, claiming that his detention violates the Fifth Amendment and that his lack of access to a doctor violates the Eighth Amendment. The government has moved to dismiss for lack of subject-matter jurisdiction. (Docket Entry No. 4).

1

Based on the motion, the response, the reply, the record, and the governing law, the court grants the motion and, by separate order, dismisses this case. The reasons are set out below.

I.     The Applicable Law

A.     Rule 12(b)(1)

A claim must be dismissed if the court lacks subject-matter jurisdiction. FED. R. CIV. P. 12 (b) (i). In ruling on a motion to dismiss for lack of subject-matter jurisdiction, courts may evaluate: (1) the petition alone; (2) the petition supplemented by undisputed facts evidenced in the record; (3) the petition supplemented by undisputed facts plus the court's resolution of disputed facts. *Williams v. Wynne,* 533 F.3d 360, 365 n.2 (5th Cir. 2008); *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420 (5th Cir. 2001). The plaintiff has the burden of proving by a preponderance of the evidence that the court has jurisdiction. *Ballew v. Contl. Airlines, Inc.,* 668 F.3d 777, 781 (5th Cir. 2012); *Vantage Trailers, Inc. v. Beall Corp.,* 567 F.3d 745, 748 (5th Cir. 2009); *Hartford Ins. Group v. Lou-Con Inc.,* 293 F.3d 908, 910 (5th Cir. 2002).

B.     Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, a petitioner must plead facts that, taken as true, state a plausible claim for relief. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007). "Factual allegations must raise a right to relief above the speculative level," and complaints that are no more than "labels and conclusions" or are a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). A court may consider certain documents attached or referred to in the complaint or the motion to dismiss, and critical to the claims, without converting a Rule 12(b)(6) motion into one for summary judgment. *Tellabs, Inc. v. Makor Issued & Rights*, 551 U.S. 308 (2007).

C.     Rule 56(c)

Summary judgement under Rule 56(c) is appropriate when the pleadings and evidence demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Materiality is determined from the governing substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual disputes are "material" if they may affect the case outcome, and disputes are "genuine" if the evidence allows a reasonable jury to return a verdict for the nonmoving party. *Id*. at 248–49. If the moving party meets its burden of proving no material factual disputes and entitlement to judgment as a matter of law, the nonmoving party must show a triable issue of material fact. *Celotex,* 477 U.S. at 322; *Anderson,* 477 U.S. at 256.A.

D.     **Detention under 8 U.S.C. §§ 1226 (a) and (c)**

The detention of aliens subject to removal proceedings is governed by 8 U.S.C. § 1226. *See, e.g., Jennings v. Rodriguez,* 138 S. Ct. 830, 837 (2018) ("Section 1226 [of title 8] generally governs the process of arresting and detaining [deportable] aliens pending their removal."). Aliens who have committed certain criminal offenses are generally subject to mandatory detention under 8 U.S.C § 1226(c) while their removal proceedings remain open. *See Jennings,* 138 S. Ct. at 837. Other aliens may be detained under 8 U.S.C. § 1226 (a), which gives the Secretary of Homeland Security the discretion to detain or release the alien on bond or conditional parole. *See Jennings*, 138 S. Ct. at 837–38.

Once a detained alien is subject to a final removal order, the statutory basis for detention is § 1231, which requires the Secretary of Homeland Security to "remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). Detention is mandatory during the 90-day removal period. *See* 8 U.S.C. § 1231(a)(1)(A) and (2). Criminal aliens, as well as those

determined to be a risk to the community or unlikely to comply with their removal order, may be detained longer than 90 days. *See* 8 U.S.C. § 1231(a)(6).

**II.    Analysis**

   **A.    The Custody Determination is Not Final**

The government argues that Jefferally remains under § 1226 pre-removal status because there is no final order of removal. "[A] court may review a final order . . . only if the alien has exhausted all administrative remedies available to the alien as of right and another court has not decided the validity of that order." 8 U.S.C. § 1252(d)(i). The initial hearing before an immigration judge is scheduled for August 29, 2019. There is no final decision to review, as the statute requires for jurisdiction.

   **B.    The Challenges to the Basis for the Removal Proceeding**

An alien detained under 8 U.S.C. § 1226(c) as a convicted felon may request a hearing to demonstrate that he is not properly included in a mandatory detention category and then may appeal an adverse decision to the Board of Immigration Appeals. 8 C.F.R §§ 1003.1(b)(7), 1003.19(f), 1003.38(a). Jefferally has not had a hearing or a ruling on whether he is subject to removal or mandatory detention. Jefferally has been detained less than six months, starting in February 2019, making his detention within the Supreme Court's "presumptively reasonable" six-month threshold. *Zadvydas v. Davis*, 533 U.S. 678, 701. Jefferally's challenge to his continued removal order detention is premature and subject to dismissal on that basis as well.

Jefferally was convicted of an aggravated felony that makes him removable under 8 U.S.C. § 1227(a)(2)(A)(iii) and subject to mandatory detention under § 8 U.S.C. § 1226(c) during the pendency of his removal proceeding. His argument that his detention violates his due process rights is precluded by *Demore v. Kim*, 538 U.S. 510 (2003).

Nor does Jefferally's double jeopardy argument provide a basis for relief. Using Jefferally's cocaine distribution felony conviction as a basis for removal does not violate double jeopardy, because his immigration proceeding is a civil, not a successive criminal prosecution. *De La Teja v. U.S.*, 321 F.3d 1357 (11th Cir. 2003); *Bickham Lincoln-Mercury Inc. v. U.S.,* 168 F.3d 790, 794 (5th Cir. 1999) ("Congress may impose both a criminal and a civil sanction for the same act without violating the double jeopardy clause.").

In *Singh v. Sessions*, 712 F. App'x. 428 (5th Cir. 2018), the Fifth Circuit, relying on its previous decision in *Sattani v. Holder*, 749 F.3d 368 (5th Cir. 2014), held that an alien generally is required to exhaust administrative remedies before the Board of Immigration Appeals before seeking judicial review, including review of a constitutional issue. *See* § 242(d)(1), as amended, 8 U.S.C.A. § 1252(d)(1). Subject-matter jurisdiction over constitutional claims and questions of law must be exhausted in the Board of Immigration Appeals before filing a federal court challenge. *See Sattani*, 749 F.3d 368 (5th Cir. 2014) (citing 8 U.S.C. §§ 1252(a)(2)(D), 1252(d)(1)). Jefferally's challenges have not been administratively exhausted. His removal proceeding is ongoing. He must raise his challenges to his detention before the Immigration Judge and the Board of Immigration Appeals before seeking judicial review. The requirement that petitioners exhaust available administrative remedies is both statutory and jurisdictional. *Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000). Jefferally's failure to do so is another reason for dismissal. *Ramos-Torres v. Holder*, 637 F.3d 544 (5th Cir. 2011).

Finally, any appeal Jefferally may take from the Board of Immigration Appeals ruling must be filed with the Court of Appeals for the Fifth Circuit, not with this court. *See Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005) (citing Pub.L.No. 109-13, 119 Stat. 231, 331, § 106(c)) ("The REAL ID Act requires district courts to transfer any pending habeas

5

cases to the appropriate court of appeals."); *Hernandez-Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir. 2006) ("We review the BIA's conclusions of law *de novo*, although we defer to the BIA's interpretation of immigration regulations if that interpretation is reasonable").

### C. The Medical Treatment Claim

The medical summary and records show that the detention center medical staff examined Jefferally on numerous occasions, and the notes from the last visit did not indicate that he reported pain. Jefferally acknowledges that he received medical treatment. He disagrees with the extent and type of the medical treatment he received, but that is not enough to state a constitutional claim. Whether analyzed under the Due Process Clause of the Fifth Amendment or under the Eighth Amendment, the standard is deliberate indifference. *Hare v. City of Corinth*, 74 F.3d 633 (5th Cir. 1996) (en banc). Deliberate indifference requires that a public official knew of and disregarded an excessive risk to inmate health or safety. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). Disagreement with a provider's treatment, negligence, or malpractice does not state a plausible basis for deliberate indifference that could state a constitutional violation. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). This claim is dismissed, without leave to amend because amendment would be futile.

## III. Conclusion

The challenges to the detention and removal proceedings are dismissed for lack of subject-matter jurisdiction. The medical-care claim is dismissed for failure to state a claim. A dismissal order is separately entered.

SIGNED on August 20, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge